JOHN WALKER WOOD (WSBA #39120)
The Wood Law Firm, PLLC
701 5th Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206)-650-0765
Facsimile: (206) 577-5380
Email: john@woodfirm.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAILA RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| THE LINCOLN NATIONAL LIFE INSURANCE | } **COMPLAINT** |
| COMPANY (formerly doing business as | ) |
| Liberty Life Assurance Company of Boston), | ) |
| | ) |
| Defendant. | ) |

The plaintiff, Laila Rice, states in her Complaint as follows:

*Summary*

1. Laila Rice files this action under the Employee Retirement Security Act of 32 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), seeking to recover employee welfare benefits under welfare benefit plan(s) established and maintained by her former employer.

2. At all relevant times, the applicable plan(s) have been insured by insurance polic(ies) underwritten and issued by The Lincoln National Life Insurance Company ("Lincoln") (formerly doing business as Liberty Life Assurance Company of Boston before being acquired by the defendant).

3. Upon information and belief, the applicable plans(s) provide Long-Term Disability ("LTD") Benefits under Long Term Disability Policy Number 00001012402200000 and Extension of Death Benefits under Group Life Insurance Policy Number 0000101240210000. The defendant is in possession of the applicable insurance polic(ies), which will be exhibited to the Court.

4. Upon information and belief, Ms. Rice LTD claim number for her LTD Benefits claim is 1120032898. Her claim number for Extension of Death Benefits claim is 1130058602.

*Parties*

5. Ms Rice is a citizen and resident of Grant County, Washington, in this judicial district. At all relevant times, Ms. Rice has been a participant (as defined by 29 U.S.C. § 1002(7)) under the applicable plan(s) (as defined by 29 U.S.C. § 1002(1)).

6. The defendant is a foreign corporation and insurance carrier that, at all relevant times, has been doing business in this judicial district. The defendant also has substantial national contacts with the United States by virtue of its corporate presence throughout the United States and its business activities throughout the United States.

7. With regard to Ms. Rice's claim for LTD Benefits and Extension of Death Benefits, the defendant has been a "fiduciary" of the applicable plan(s) (as defined by 29 13 U.S.C. § 1002(21)) and an "appropriate named fiduciary" of the applicable plan(s) (as set forth in 29 CFR § 14 2560.503-1(h)(1)). The defendant has been legally obligated to administer claims under the applicable plan(s) and pay benefits to eligible participants under the applicable plan(s).

8. The defendant is legally responsible for paying the benefits owed to Ms. Rice and for reinstating and paying her ongoing benefit claims under the applicable plan(s).

COMPLAINT

The Wood Law Firm, PLLC
701 5th Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 650-0765
Facsimile: (206) 577-5380

*Jurisdiction and Venue*

9. This Court has subject-matter jurisdiction over this civil action under ERISA. Under 29 U.S.C. §§ 1132(e)(1) and 1132(f), ERISA provides subject-matter jurisdiction to federal district courts over civil actions in which a plan participant such as Ms. Rice seeks to recover employee welfare benefits under employee welfare benefit plan(s).

10. Ms. Rice seeks all relief available to her under ERISA, including the recovery of past-due benefits and reinstated, ongoing LTD Benefits and reinstated Extension of Death Benefits under 29 U.S.C. § 1132(a)(1)(B), as well as attorney's fees under 29 U.S.C. § 1132(g), costs and interest, and all other appropriate relief.

11. Venue is proper in this judicial district under 29 U.S.C. § 1132(e)(2). The defendant may be found in this judicial district. At all relevant times, the defendant does insurance business in this judicial district. The defendant also has substantial national contacts with the United States. The defendant does business throughout the United States. ERISA provides for nationwide service of process. (See 29 U.S.C. § 1132(e)(2)). In connection with her former employment, Ms. Rice was a participant in the applicable plan(s) and has been eligible to receive LTD Benefits and Extension of Death Benefits in the event of disability under the Plan terms.

*Facts*

12. Ms. Rice became disabled under the Plan terms, ceasing work due to her disability.

13. The defendant initially approved her LTD Benefits and Extension of Death Benefits claims, paying LTD Benefits from 20212 until September 2019. Ms Rice has appealed the termination of both

COMPLAINT

The Wood Law Firm, PLLC
701 5th Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 650-0765
Facsimile: (206) 577-5380

1   claims, submitting compelling information in support of her continuing claims. The defendant denied her

2   appeals.

3   14.   The defendant, as insurer and fiduciary, and on behalf of the applicable plan(s), failed to

4   provide a full and fair review of Ms. Rice's claims and appeals. Among other things, the defendant ignored

5   or gave insufficient consideration to pertinent information and cherry-picked and distorted information.

6   The defendant failed to analyze and review the facts and circumstances in a fair, correct, reasonable, and

7   unbiased manner. The defendant relied on erroneous, biased, and contradictory information and opinions

8   in denand Exteying or terminating Ms. Rice's claim for LTD benefits.

9   15.   In making self-serving decisions about Ms. Rice's claims for LTD Benefits and Extension of

10  Death Benefits, the defendant operated under a conflict-of-interest to his detriment of Ms. Rice. At all

11  times relevant, the defendant acted as both (1) the decision-maker concerning the eligibility of claimants

12  to receive benefits under the applicable plan(s) and (2) the funding source and payor of such benefits to

13  eligible participants. The defendant acted upon its conflicts of interest in denying or terminating Ms. Rice's

14  claims, as shown by its unfair handling of her claims and its reliance on erroneous, biased, and

15  contradictory information and opinions.

16  16.   At all relevant times, Ms. Rice has been disabled under the applicable plan terms and has

17  been entitled to all available benefits. At all relevant times, she has satisfied the applicable definitions of

18  disability under the applicable plan(s).

19                                            *Legal Claims*

20  17.   The plaintiff repeats and incorporates by reference the assertions and statements made

21  in the paragraphs above.

18.  29 U.S.C. § 1132(a)(1)(B) permits a plan participant or beneficiary to bring a civil action to recover benefits due under a plan, to enforce rights under a plan, and to clarify rights to future benefits under a plan. Ms Rice seeks all such relief from the defendant under 29 U.S.C. 10 § 1132(a)(1)(B).

19.  Ms. Rice seeks an order or judgment requiring the defendant to pay all benefits owed and available to her under the applicable plan(s); an order or judgment that enforces her rights against the defendant to past-due benefits and that reinstates his ongoing LTD claimenefits claimB and Extension of Death Benefits claim; and an order or judgment that clarifies her rights to future benefits from the defendant. The proper standard of review for the Court to employ in reviewing all decisions regarding Ms. Rice's claims is de novo. The facts and circumstances warrant an award of Ms. Rice's attorney's fees against the defendant under 29 U.S.C. § 1132(g), as well as costs and interest.

### *Request for Relief*

WHEREFORE, Laila Rice requests the following relief:

1.  A de novo bench proceeding in which the Court evaluates the ERISA record, relevant documents, and any other appropriate evidence and decides the issues in this action, including the correct amount of past-due and ongoing LTD benefits owed and available to Ms Rice;

2.  An order or judgment in favor of Ms. Rice against the defendant under 29 U.S.C. 2 § 1132(a)(1)(B) for all LTD Benefits and Extension of Death Benefits available to her under the applicable plan(s);

3.  An order or judgment in favor of Ms. Rice against the defendant under 29 U.S.C. § 1132(a)(1)(B) declaring that, at all relevant times, Ms. Rice has satisfied the definition of disability under the applicable plan terms, thereby entitling Ms. Rice not only to an award of past-due LTD benefits (from

COMPLAINT

The Wood Law Firm, PLLC
701 5th Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 650-0765
Facsimile: (206) 577-5380

the time such benefits were terminated up to the date of the order or judgment), but also reinstated, ongoing LTD Benefits under the applicable plan(s);

4. An award of pre-judgment and post-judgment interest to Ms. Rice;

5. An award of attorney's fees to Ms. Rice under 29 U.S.C. § 1132(g);

6. An award of costs to Ms Rice; and

7. All other relief that is fair and just.

Respectfully submitted,

/s/ John Walker Wood
John Walker Wood, WSBA #39120
The Wood Law Firm, PLLC
701 5th Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 650-0765
Facsimile: (206) 577-5380
Email:

Attorney for Plaintiff, Laila Rice

COMPLAINT

The Wood Law Firm, PLLC
701 5th Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 650-0765
Facsimile: (206) 577-5380